**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON CASILLAS,<br><br>                                    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF FORESTRY AND FIRE PROTECTION,<br><br>                                    Defendants. | Case No.:  25-cv-0087-BJC-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 24] AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO ADMIT NEWLY DISCOVERED EVIDENCE IN PART [ECF NO. 27]** |

On January 14, 2025, Plaintiff Jason Casillas, proceeding *pro se*, filed a Complaint alleging employment discrimination under federal and state law arising from his termination by Defendant California Department of Forestry and Fire Protection ("CAL FIRE").  ECF No. 1.

Pending before the Court is CAL FIRE's Motion to Dismiss the Complaint or in the Alternative, For a More Definite Statement.  ECF No. 24.  Plaintiff filed a Response in Opposition and a Motion to Admit Newly Discovered Evidence. ECF Nos. 25, 27. Defendant filed a Reply. ECF No. 26.  For the reasons outlined below, the Court grants Defendant's Motion to Dismiss and grants Plaintiff's Motion in part.

## I.    FACTUAL BACKGROUND[1]

From June 19, 2022, to March 11, 2024, Plaintiff worked as a firefighter for CAL FIRE at the San Mateo/Santa Cruz Unit. On December 2, 2023, Plaintiff requested a transfer due to an ongoing hostile work environment that included comments about Plaintiff's age and alleged drug use. Fire Captain Ryan McGlynn[2] ("McGlynn") instructed Plaintiff to write a letter requesting the transfer, which McGlynn indicated he would submit to CAL FIRE headquarters. Plaintiff claims he told McGlynn that writing a letter was not the proper CAL FIRE method for requesting a transfer, but he submitted it as he was told. Plaintiff claims that his transfer request was never submitted to CAL FIRE headquarters. Instead, Plaintiff claims he "endured this hostile work environment for close to two years before transferring to the San Diego Unit." ECF No. 1 at 30.

On the morning of December 4, 2023, Fire Captain Sean Davis ("Davis") told Plaintiff he "would like to do another end of Seasonal Performance Record CAL FIRE 212 review" of Plaintiff, but Plaintiff informed Davis that he felt this was a personal attack towards him and his career. Plaintiff told Davis that he "would like to have union representation advice on this matter because [he did] not know the rules or laws regarding CAL FIRE'S code of conduct and policies, and [he] would not like to engage until then per MOU." ECF No. 1 at 25. On December 15, 2023, Plaintiff received a write-up by McGlynn, who told Plaintiff that he was not entitled to union representation and gave Plaintiff a "Letter of Warning (Informal)."  McGlynn told Plaintiff to sign the Letter of Warning and became defensive and hostile when Plaintiff questioned why he was being written-up. Plaintiff claims that McGlynn yelled at him, "Be quiet, be quiet, and just sign it!" ECF No. 1 at 23.

---

[1] The facts are taken from the Complaint.

[2] Plaintiff refers to multiple individuals as "Defendant," but only CAL FIRE is a named defendant. For purposes of clarity, the Court does not refer to the individuals as defendants.

25-cv-0087-BJC-MMP

On December 24, 2023, Deputy Chief Jed Wilson and Captain Tyler Hickey ("Hickey") served Plaintiff with a "Notice of Letter Warning." ECF No. 1 at 21. Hickey purportedly told Plaintiff, "I am here as union representation if you would like." *Id.* Plaintiff claims that Hickey also stated that if Plaintiff did not sign the documents, he had paperwork for Plaintiff's termination in his vehicle. According to the warning letter, the justification provided by McGlynn and Davis for writing up Plaintiff was that "Plaintiff has been a continuing problem of unprofessional and disrespectful behavior, despite the direction given to improve Plaintiff's conduct." *Id.*

On August 27, 2024, Plaintiff had an intake appointment with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1 at 18. He alleges that Fire Captain Woychak ("Woychak") knew Plaintiff had the EEOC appointment because Plaintiff conducted the appointment in his vehicle during a lunch break. Plaintiff claims that Woychak engaged in harassment, discrimination, or retaliation against him for filing a charge with the EEOC.

Plaintiff claims that on August 31, 2024, he told Fire Captain Haven ("Haven") that he would not be coming to work on September 1, 2024. ECF No. 1 at 16. On September 1, 2024, Plaintiff asserts that he told Woychak that he had given Haven notice that he would not be working that day. Yet, on September 15, 2024, Woychak told Plaintiff that he would be documented as "absent without leave" for the September 1, 2024, shift. ECF No. 1 at 15.

On September 18, 2024, Plaintiff informed firefighter Vincent Media that he was leaving work because of an emergency involving his spouse. ECF No. 1 at 13. Later that day, Plaintiff claims he spoke to Division Chief Reynolds ("Reynolds"), who told Plaintiff "[n]ext time, please let a supervisor know, and if there is anything that you need, let us know." ECF No. 1 at 14. According to Plaintiff, Reynolds knew that Plaintiff had been on FMLA leave, yet Plaintiff claims that this critical information was never documented in the Notice of Termination with Cause.

On September 28, 2024, Battalion Chief Clays ("Clays") served Plaintiff with two

25-cv-0087-BJC-MMP

separate adverse action documents.  The first was a Notice of Termination with Cause, and the second placed Plaintiff on Administrative Time Off.  ECF No. 1 at 10.  Plaintiff argues that the documentation violated CAL FIRE's Progressive Disciplinary Policy and Procedures because he did not receive a development plan to correct any mistakes before he received the Notice of Termination with Cause.  Plaintiff claims he asked Clays whether there was any other documentation for the termination and also requested union representation, to which Clays responded that Plaintiff "would be denied union representation." *Id*.  After Plaintiff turned in his gear, he was escorted off the property in front of other fire crews.  *Id*.  Plaintiff further alleges that he had no prior write-ups, had received no notice of any issues with performance or conduct while he was with the CAL FIRE San Diego Unit, and had returned from FMLA leave the morning he was terminated.  ECF No. 1 at 11. Plaintiff asserts that he was issued a Notice of Right to Sue letter from the EEOC on October 10, 2024.  *Id.* at 5.

On January 14, 2025, Plaintiff filed his complaint using a court provided form titled "Complaint for Employment Discrimination," in which he alleges six causes of action for discrimination and retaliation. Plaintiff claims that Defendants wrongfully terminated his employment, failed to promote him, provided unequal terms and conditions of employment, and engaged in retaliation.  ECF No. 1 at 4.  He checked boxes indicating he asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e- 2000e-17, age discrimination under 29 U.S.C.§ 621 to 634, due process 42 U.S.C. § 1983, and various California statutes.  ECF No. 1 at 2.

## II.    LEGAL STANDARDS

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed.R.Civ.P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663-64. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

The court must accept all allegations of material fact as true and must construe the allegations in the light most favorable to the non-moving party. *Western Reserve Oil & Gas Co. v. New,* 765 F.2d 1428, 1430 (9th Cir. 1985). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"Rule 12 (b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013)(citing *Twombly*, 550 U.S. at 556 n. 3. Rule 8 requires a complaint to "contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Courts may dismiss a complaint that violates Rule 8. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985).

Generally, courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (noting that courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers"). However, "a liberal interpretation

of a [pro se] complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. FRCP 12(e)**

Federal Rule of Civil Procedure 12(e) states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion ... must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A motion for a more definite statement "attacks the unintelligibility of the complaint, not simply the mere lack of detail." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005). A plaintiff is required only to "set forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Rule 12(e) motions are viewed with disfavor and are rarely granted. *Id.*

**III.   DISCUSSION**

1. *Motion to Dismiss or For a More Definite Statement*

Defendant argues that Plaintiff's "shotgun" pleading must be dismissed because it fails to provide a short and plain statement of Plaintiff's claims, and it fails to state a plausible claim for relief.  ECF No. 24 at 4. Defendant further claims that the Complaint is barred under the Eleventh Amendment because CAL FIRE is an agency within the State of California. *Id.* at 1. Defendant contends that it is impossible to determine which actions are attributable to each individual, in part, because Plaintiff refers to multiple individuals as "defendant," but the only named Defendant is CAL FIRE. *Id.* In the alternative, Defendant seeks a more definite statement because the Complaint is so vague and ambiguous, Defendant cannot adequately respond. *Id.*  Defendant contends that the "statutory authorities, common law references, and extraneous case citations are unduly confusing and fail to clarify Plaintiff's causes of action or provide any framework for his claims." *Id.* at 6.

Plaintiff responds that the Complaint sufficiently outlines the factual and legal bases

25-cv-0087-BJC-MMP

for the causes of action he asserts. Oppo. ECF No. 25 at 6. Plaintiff further argues that the Eleventh Amendment does not provide immunity to Defendant for his claims under 42 U.S.C. § 1983 and the Administrative Procedures Act. *Id.*

Construing Plaintiff's Complaint liberally, and in the light most favorable to him, the Court finds that Plaintiff has not shown how the asserted facts are tied to the numerous statutes, laws, and other authority he cites. In addition, there are contradictory assertions about key facts. For instance, he claims that "[s]ince 2005, Plaintiff Casillas has shown unwavering dedication and expertise as a firefighter with CAL FIRE." However, on the next page, he states, "In 2015, Plaintiff accepted a position as a firefighter with the Department of Forestry and Fire Protection (CAL FIRE)." ECF No. 1 at 10.

Despite being advised in the Complaint for Employment Discrimination to "write a short and plain statement of the claim" in which he should "state how each defendant was involved and what each defendant did" that violated his rights, Plaintiff's claims do not meet this standard. In the first claim alone, Plaintiff lists 39 separate laws or common law rights he claims have been violated, including the Firefighters Procedural Bill of Rights Act, California Evidence Code § 210, Violation of Weingarten Rights, among numerous others. ECF No. 1 at 2. He then lists Defendant CAL FIRE and Battalion Chief J. Clays as the defendants who purportedly violated his rights, but he does not connect the conduct of CAL FIRE or Clays to the asserted legal protections in the statement of facts. As a result, Plaintiff has not sufficiently alleged a cause of action against either of them. Claims two through six fare no better. While the Court is required to liberally construe Plaintiff's claims, it cannot provide the elements of a cause of action for him in the Complaint. *See Ivey*, 673 F.2d at 268. Accordingly, the Court finds that the Complaint fails to state a plausible claim for relief and grants Defendant's motion to dismiss without prejudice.[3] *In*

---

[3] On May 12, 2026, Plaintiff filed a document titled "Petition Regarding Exhaustion of Remedies, Continuing Hardship, and Request for Settlement Conference," in which he adds additional detail regarding his claims and requests that the Court set a status

25-cv-0087-BJC-MMP

*re Gilead Scis. Secs. Litig.*, 536 F.3d at 1055.

### 2. Motion to Admit Newly Discovered Evidence

In Plaintiff's Motion to Admit Newly Discovered Evidence, he seeks permission to admit the "Statement of Decision issued by the Santa Cruz Superior Court in Case No. 25CV01791 (*Casillas v. Brower*), dated November 6, 2025, along with related factual circumstances." ECF No. 27 at 3. The Court construes Plaintiff's Motion as a request for judicial notice of the referenced document.

"Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed.R.Civ.P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." *U.S. v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008). The Court grants the request, finding that the court document satisfies Federal Rule of Evidence 201 because it is a "matter[] of public record." *Id.* However, Plaintiff's request for the Court to consider additional factual support for the claims is denied. Plaintiff may only add additional facts if he amends his Complaint. Fed. R. Civ. P. 15; *see also Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013)

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Motion to Dismiss is **GRANTED**, and the Complaint is dismissed without prejudice and with leave to amend. Plaintiff's Motion to Admit Newly Discovered Evidence is **GRANTED** in part. Plaintiff may file an amended complaint **no later than June 30, 2026**.

**IT IS SO ORDERED**.

Dated: May 22, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

conference. ECF No. 29. In light of the Court's dismissal of the Complaint, any additional requests are considered moot.

25-cv-0087-BJC-MMP